UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

JANE DOE NO. 54,

    Plaintiff,

vs.

THE SCHOOL BOARD OF PALM
BEACH COUNTY, FLORIDA,

    Defendant.
_____/

## COMPLAINT

Plaintiff JANE DOE NO. 54 brings this Complaint against the Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, and states the following:

### JURISDICTION, VENUE, AND PARTIES

1. Jane Doe is a citizen and resident of Tennessee. This action is brought using a pseudonym to protect the identity of Jane Doe, as this matter concerns the sexual assault and abuse of a minor. Plaintiff fears further psychological damage to Jane Doe if her identity as a victim of sexual assault or abuse becomes publicly known. Jane Doe's identity is known, or will be made known, to Defendant upon the Defendant's appearance in this action.

2. The School Board of Palm Beach County, Florida, is a district school board which is constitutionally and statutorily charged with the operation and control of public kindergarten-12th grade education within the Palm Beach County School District in Palm Beach County, Florida. The School Board operates, controls, and maintains Seminole Ridge Community High



HERMAN
LAW

(305) 931-2200            www.hermanlaw.com

School ("the School") in Palm Beach County, Florida. Jane Doe was a student at the School at all relevant times.

3. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, and 20 U.S.C. §1681(a), *et seq.*, and supplemental jurisdiction of the state law claims set forth herein pursuant to 28 U.S.C. §1367. Additionally or alternatively, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees.

4. Venue of this action lies in this District pursuant to 28 U.S.C. §1391 as the Defendant resides in this District and the events and omissions giving rise to this action occurred in this District.

## STATEMENT OF FACTS

5. At all times relevant to this lawsuit, Jane Doe was a fourteen year old ninth grade student enrolled in Seminole Ridge High School.

6. At all times relevant to this lawsuit, Xavier Ross was an eighteen year old 12th grade student enrolled in Seminole Ridge High School.

### A. Actual Notice Of Sexual Harassment

7. Upon information and belief, on or about December 12, 2011, Xavier Ross was reported to have engaged in sexually inappropriate behavior with a female student in a restroom at Seminole Ridge High School.

8. Upon information and belief, this incident was reported to School Principal James Campbell and to school police, who investigated the incident.

9.      Upon information and belief, prior to attending Seminole Ridge High School, Xavier Ross had been expelled from two other high schools within the Palm Beach County School Board system. Upon information and belief, the prior expulsions were due to behavioral issues.

10.     Upon information and belief, Ross admitted to school police that he brought a female student into the school restroom for the purpose of having her perform oral sex on him. Upon information and belief, Ross was not meaningfully disciplined nor was he more closely supervised or monitored on school grounds as a result of this incident.

11.     School officials' lack of response to notice of sexual misconduct by Ross given his known propensity to seek oral sexual gratification on school grounds was clearly unreasonable in light of the known circumstances.

12.     Upon information and belief, in the 2011-2012 school year, Seminole Ridge High School had a chronic problem of students engaging in sexual misconduct in the school's bathrooms, as well as loitering and engaging in misconduct in the hallways adjacent to the bathrooms. In response to this problem, the school instituted a corrective measure, in which it created a station with a table and chair in the hallway by the bathrooms. Upon information and belief, it assigned a teacher or staff person for each period of the school day to sit at the table and monitor the bathrooms and hallways. Upon information and belief, this corrective measure was effective preventing student misconduct.

13.     Inexplicably, upon information and belief, Seminole Ridge High School officials, including Principal Campbell, failed to maintain this necessary policy, and in disregard of student safety and well being, ceased assigning teachers or staff to the hallway table during the school day. The hallway table and chair were left vacant and abandoned. Seminole Ridge High

School discontinued this policy knowing that students, including without limitation, Xavier Ross, would use the hallways and bathrooms for sexual misconduct if left unmonitored and unsupervised.

### B.  Sexual Harassment And Abuse Of Jane Doe

14.  On or about May 11, 2012, Jane Doe had just completed her EOC testing in Building 3 of the Seminole Ridge High School Campus and requested a restroom pass from her teacher. She walked to Building 7 with a friend in order to use the restroom. Upon entering Building 7 Jane Doe's friend left with some other friends.

15.  Jane Doe then encountered Xavier Ross loitering in the hallway with a group of other students. Jane Doe entered the restroom while Xavier Ross remained in the hallway in front of the restrooms.

16.  Jane Doe exited the girls' restroom to find Xavier Ross waiting for her. He was seated on the monitoring table, which had been left vacant and abandoned. Xavier Ross was using the table for his own purposes, to watch female students coming in or out of the restroom. This facilitated his predatory behavior in seeking a female student to take into the bathroom for sexual activity.

17.  Xavier Ross and Jane Doe engaged in a brief conversation after she exited the restroom. Xavier Ross then asked Jane Doe for a hug to which she acquiesced. After the hug, Xavier Ross attempted to pull Jane Doe into the boys' restroom. Jane Doe resisted Xavier Ross' initial attempt to lure her into the boys' restroom.

18.  Xavier Ross engaged in additional conversation with Jane Doe, and then was able to force Jane Doe into the boys' restroom. Once in the boys' restroom, Xavier Ross pushed Jane Doe into the handicapped stall and closed the stall door. Xavier Ross then picked up Jane Doe

and placed her onto the sink in the stall, exposed his penis and demanded that she masturbate him. When Jane Doe refused his request, Xavier Ross grabbed her hand and forced her to rub his penis.

19. Xavier Ross then demanded that Jane Doe perform oral sex on him. Jane Doe refused his request, at which time Xavier Ross picked her up from the sink and changed her location to facilitate oral sex. Xavier Ross then grabbed the back of Jane Doe's head and forced his penis into her mouth. Jane Doe was able to push Xavier Ross away by putting her hands on his hips and shoving him away.

20. This angered Xavier Ross, who demanded that Jane Doe continue performing oral sex. Jane Doe refused and told him she needed to go back to class. Ross then angrily slammed the bathroom stall door as he left the restroom.

21. Jane Doe was in shock and did not know what to do following the sexual assault. She confided in a friend who told her that she must report the assault. Jane Doe ultimately confided to her mother and told her about the sexual assault, which was then reported to Palm Beach County School Police.

22. Jane Doe was traumatized by the sexual assault. Her doctor ordered her to stay home from school for two weeks. After two weeks had passed, she returned to school to take her final exams.

23. Following Jane Doe's return to school, knowledge of the incident caused other students at Seminole Ridge High School to mock, bully, and ridicule Jane Doe.

24. Upon information and belief, the administration of Seminole Ridge High School again failed to take any disciplinary action against Xavier Ross in response to his sexual assault of Jane Doe.

### C. The School's Deliberate Indifference In Response To Actual Notice

25. As a result of Ross's sexual harassment and assault, Jane Doe was deprived of access to the educational opportunities and benefits at Seminole Ridge High School.

26. A foreseeable harm of the administration's failure to take any meaningful action to discipline Xavier Ross, or protect female students from Xavier Ross's sexual advances, was the sexual assault of a female student.

27. A foreseeable harm of the failure of school personnel at Seminole Ridge High School to take any corrective action to prevent Xavier Ross from having unfettered and free movement while in the school hallways, particularly in or near the bathrooms, was the sexual assault of a female student in the bathroom.

28. A foreseeable harm of the abandonment or removal of school personnel from the hallway monitoring table was the sexual assault of a female student in the school bathroom.

29. The School Board of Palm Beach County had inadequate policies, procedures and training regarding the supervision of students and prevention of student-on-student sexual harassment and abuse, which resulted in Xavier Ross's sexual assault of Jane Doe.

30. As a result of The School Board Of Palm Beach County's failure to properly supervise and protect students in response to actual notice, it needlessly endangered children, resulting in the sexual assault of Jane Doe.

### COUNT I
### (Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. §1681 et seq.)

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 above.

32. At all relevant times, the education programs or activities at Seminole Ridge High School received federal financial assistance.



33. Jane Doe had a right to not be subject to sexual discrimination, harassment or abuse while she participated in The School Board of Palm Beach County's education programs or activities.

34. Upon information and belief, school officials, including without limitation the Principal of Seminole Ridge High School, James Campbell, had actual notice that Xavier Ross posed a danger to female students in Seminole Ridge High School of sexual harassment. In particular, Defendant knew that Xavier Ross would loiter in front of the bathrooms, and that he sought lewd sexual contact with female students on school grounds. Xavier Ross's prior sexual acts and conduct toward another female student, as well as other facts and circumstances, alerted Principal Campbell that Ross posed a significant risk of sexual harassment and assault to the female students of Seminole Ridge High School.

35. Upon information and belief, school officials, including without limitation Principal Campbell, had actual notice that the school restrooms were being used for illicit sexual contacts between students. While, at one point, school officials recognized that a bathroom monitor was needed to control students in the bathrooms and prevent sexual harassment, school officials knowingly allowed the hallway monitoring station to be left vacant or abandoned, rendering students vulnerable and at risk to sexual misconduct.

36. Among other school officials, James Campbell had actual notice of (i) the danger of sexual harassment and assault posed by Xavier Ross to the female students of Seminole Ridge High School; and (ii) the danger to female students generally of sexual misconduct or harassment in the school bathrooms if unmonitored and unsupervised. Mr. Campbell had authority to institute corrective measures in response to the danger posed by Xavier Ross and by unmonitored restrooms.

37. Upon information and belief, the decisions of Principal Campbell and The School Board Of Palm Beach County after receipt of actual notice were official decisions to ignore the danger of sexual assault to the female students in their care.

38. In response to actual notice of the risk of sexual harassment and assault to female students at Seminole Ridge High School, Principal Campbell could have instituted corrective measures that would have prevented the sexual assault of Jane Doe, including but not limited to (i) monitoring more closely the conduct of Xavier Ross while on school property; (ii) warning and properly disciplining Xavier Ross following his prior sexual misconduct; (iii) assigning an adult escort to Xavier Ross on school grounds; (iv) expelling Xavier Ross; (v) continuing to assign school personnel to the hallway table in front of the school restrooms during the school day, and (vi) any such other action reasonably intended or designed to protect Jane Doe and the female students at Seminole Ridge High School from sexual acts or conduct in the school bathroom.

39. Despite receipt of actual notice, Principal Campbell, The School Board Of Palm Beach County and its agents and representatives, acted with deliberate indifference in failing to take or maintain corrective measures to protect Jane Doe and the female students of Seminole Ridge High School, or otherwise failing to follow through to assure that corrective measures were implemented and maintained.

40. As a result of this gross failure to act, Jane Doe was sexually harassed and assaulted in the bathroom by Xavier Ross. This sexual harassment and assault was so severe, pervasive and objectively offensive that it could be said to have deprived Jane Doe of access to the educational opportunities or benefits provided by the school.

41. As a direct result and moving force behind the sexual harassment, assault and abuse described herein, Jane Doe has suffered severe and permanent psychological and physical injuries, emotional distress, inconvenience, pain and suffering, loss of enjoyment of life and aggravation of a pre-existing condition.

WHEREFORE, Plaintiff Jane Doe, demands compensatory damages, attorney's fees and costs pursuant to 42 U.S.C. §1988, and such other relief as this Court deems just and proper.

## COUNT II
### (Negligence Against School Board)

42. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30 above.

43. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

44. At all material times, Plaintiff Jane Doe was a student in the Palm Beach County School District, operated by the School Board.

45. Defendant School Board had a duty to protect the safety and well being of the minors who attend Palm Beach County public schools.

46. Defendant School Board had a special relationship with Plaintiff Jane Doe of school-student, such that Defendant had a duty to care for and protect Jane Doe on school grounds, during the school day, and at school-sponsored activities.

47. Given this special relationship, Defendant had a duty of care in protecting Jane Doe from sexual abuse and assault.

48. At all relevant times, it was reasonably foreseeable that Xavier Ross would engage in sexual misconduct on school grounds, particularly the bathroom, with a female student.

49. At all relevant times, it was reasonably foreseeable that sexual misconduct would occur in the school's restrooms if they were left unmonitored and unsupervised.

50. Defendant failed to supervise Xavier Ross or take appropriate remedial action to protect Jane Doe and prevent sexual assaults of female students. Defendant School Board's acts and omissions negligently placed Jane Doe at risk of sexual abuse and assault.

51. The School Board had inadequate policies and procedures to prevent student-on-student sexual misconduct, and as a result, Jane Doe was sexually assaulted in the school bathroom by Xavier Ross.

52. The School Board failed to adequately train its personnel in the prevention of student-on-student sexual misconduct, resulting in the sexual abuse of Jane Doe.

53. As a direct proximate result of Defendant's negligent acts and/or omissions, Plaintiff has suffered severe and permanent physical and psychological injuries, emotional distress, inconvenience, pain and suffering, loss of enjoyment of life, and aggravation of a pre-existing condition.

WHEREFORE, Plaintiff Jane Doe demands judgment against the School Board for compensatory damages, special damages, costs, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: January 26, 2016.

Respectfully submitted,

HERMAN LAW
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Tel: 305-931-2200
Fax: 305-931-0877

By: _____
Jeffrey M. Herman
Florida Bar No. 521647
jherman@hermanlaw.com
Stuart S. Mermelstein
Florida Bar No. 947245
smermelstein@hermanlaw.com