UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-cv-80136-DIMITROULEAS/Snow

JANE DOE NO. 54,

        Plaintiff,

vs.

THE SCHOOL BOARD OF PALM
BEACH COUNTY, FLORIDA,

        Defendant.
_____/

## JOINT CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1.    This Joint Confidentiality Agreement and Protective Order governs the handling of confidential records and documents produced by or obtained from any party, or any non-party who agrees to produce such records and documents subject to the terms of this Confidentiality Agreement and Protective Order during the proceedings in the above-captioned case.

2.    The following definitions shall apply to this Confidentiality Agreement and Protective Order:

    a.    "Confidential Discovery Material" shall mean and refer to the following:

        1)    Whether designated "confidential" or not:

            a)  Any document including the true identity of the Plaintiff Jane Doe No. 54, the Plaintiff's parents, or any other child, including any photographs or video depicting same

            b)  PHI as discussed in paragraph 3 herein

            c)  Personal identification information including date of birth, social security number, tax identification number, driver's license number, credit card numbers, bank or other account numbers, biometric information

            d)  Personal electronic information including reproduction, downloads, harvesting or data of:

        i. Social media

        ii. Private emails

        iii. Text messages

        iv. Telephone records

    e) Personal financial records including bank statements, financial statements, tax records, credit card

    f) Education records

    g) Immigration records

2) Any document which is designated in good faith by any party as confidential and/or privileged pursuant to state and/or federal law or by order of the court. The producing party may designate discovery material as Confidential Discovery Material by marking or otherwise affixing the word "Confidential" to each page of each document produced; or, through separate writing to any party to whom the document is produced, identifying the Bates stamp numbers of each "Confidential" document.

b. "Parties" shall mean and refer to the Plaintiff and the Defendant in the above-captioned case.

c. "Producing Party" shall mean and refer to any party or any non-party who agrees to produce discovery material during the proceedings in the above-captioned case.

d. "Qualified person(s)" shall mean and refer to any of the following persons who have been advised or and agree to be bound by the terms of this Confidentiality Agreement and Protective Order:

    1) Counsel that have appeared for a party in the above-captioned case and regular and temporary employees of such counsel assisting in the conduct of this case, including employees of any firm retained to reproduce the discovery material for use in accordance with this Confidentiality Agreement and Protective Order;

    2) Experts or consultants assisting counsel in this litigation;

    3) Directors, officers and employees of any party who assist counsel in the conduct of this action;

    4) Directors, officers, and employees of any party who are noticed for depositions whom counsel for a party in good faith believes may

       be fact or expert witnesses at deposition, to the extent deemed necessary by counsel for the witness' preparation for testimony;

5) Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and persons preparing transcripts of depositions;

6) Litigation support services and outside copying services persons, including persons retained for the purpose of producing graphic or visual aids for use in the litigation who reasonably need to know any confidential information in order to assist the Parties in their prosecution or defense of this litigation;

7) Persons called as witnesses at trial or expected to be designated or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

8) Persons with prior knowledge of the documents or the confidential information contained therein and their agents;

9) The parties' insurers, third party claim administrators and claims' advocates, including their respective agents and representatives;

10) Other persons only upon order of the Court or written stipulation of the Parties, which will require such person to agree to be bound by the terms of this Confidentiality Agreement and Protective Order.

3. This Confidentiality Agreement and Protective Order shall apply to restrict the disclosure by the parties or non-parties in this action of any Protected Health Information ("PHI") subject to the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-91, 110 State 1936 (codified as amended in scattered sections of 19, 26, 29 and 42 U.S.C.) Pursuant to this Order, all parties to this lawsuit are:

    a. Prohibited from using or disclosing protected health information for any purpose other than the litigation of the above-captioned or above-referenced lawsuit; and

    b. Required to destroy all copies of the PHI or return them to the disclosing entity at the conclusion of the above-captioned lawsuit in accordance with Paragraph 15 herein.

4. If any party objects to the designation of any discovery material as "Confidential" pursuant to section 2.a.2) above, the objecting party shall so notify the producing party in writing

after receipt of such discovery material. To preserve its "Confidential" designation, the producing party, within thirty (30) days after receipt of such notice, must apply to the Court for a ruling that the discovery material objected to shall be treated as designated, and notice of such application shall be provided to all other parties. If no such application is made, the discovery material will cease to be treated as designated. If any application is made, until the Court enters an order, if any, determining the designation of the discovery material objected to, such discovery material shall be treated as designated and protected as provided in this Confidentiality Agreement and Protective Order.

5. Any party filing any deposition with the Court shall redact the name of the Plaintiff and her parents to protect the anonymity of said persons, and shall file all exhibits attached to the deposition so redacted or under seal in accordance with Local Rule 5.4, United States District Court, Southern District of Florida.

6. Confidential Discovery Material shall not be disclosed to persons other than qualified persons.

7. Confidential Discovery Materials may be shown to consultants and experts retained for the purpose of assisting in this or other litigation between the parties only after an attorney for the party employing such consultant or expert has obtained from him/her an executed copy of an Acknowledgment and Agreement to be subject to the terms of this Confidentiality Agreement and Protective Order.

8. Each person given access to Confidential Discovery Material, or information derived therefrom, shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Confidentiality Agreement and Protective Order and may not be disclosed other than pursuant to its terms.

9. In the event that counsel for any party determines to file in or submit to the court any Confidential Discovery Material or information derived therefrom, or any papers containing or making reference to such material or information, the party seeking to file or to produce said discovery material and/or papers shall file the material or papers under seal pursuant to Local Rule 5.4, United States District Court, Southern District of Florida, or otherwise obtain a court order allowing the documents to be filed under seal. As to documents containing an indication of the true identity of the Plaintiff or her parents, the party seeking to file or to produce said discovery material and/or papers shall redact the name of the Plaintiff or her parents.

10. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of the Confidentiality Agreement shall not:

    a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter;

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege;

    c. Prejudice in any way the rights of any party to seek a court determination whether particular discovery material should be produced;

    d. Prejudice in any way the rights of any party to apply to the court for a further protective order relating to any confidential information; or

    e. Prejudice in any way the rights of the Plaintiff to waive the confidentiality associated with the Plaintiff's records, including but not limited to medical, psychological, and/or dependency records.

11. This Confidentiality Agreement and Protective Order has no effect upon, and its scope shall not extend to, any party's use of any documents that it has obtained or may lawfully obtain through other means.

12. In the event additional persons become parties to this litigation, they shall not have access to Confidential Discovery Material produced by or obtained from any other party to this action until the newly joined party has been made subject to this Confidentiality Agreement

5

and Protective Order by written agreement of the person or by order of court specifically subjecting such person to the terms of this Confidentiality Agreement and Protective Order.

13. The production of privileged or work-product protected documents, information, or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

14. Upon conclusion of this litigation, including all appeals, all Confidential Discovery Materials obtained by the parties shall be maintained by each party's respective counsel in a manner that protects the confidential nature of said discovery material. If counsel for any party discards or otherwise disposes of his or her file regarding this proceeding, said counsel shall ensure that the Confidential Discovery Material is destroyed in a manner that protects the confidential nature of said discovery material. However, Plaintiff's counsel may provide the Plaintiff's and all providers for care and treatment with copies of the Plaintiff's medical, psychological, dependency, education, and/or other similar records.

15. This Confidential Agreement and Protective Order may be signed in counterparts.

Agreed as to form and substance this 14th day of July, 2016.

| | |
|---|---|
| HERMAN LAW<br>Counsel for Plaintiffs<br>3351 NW Boca Raton Boulevard<br>Boca Raton, FL 33431<br><br>By: /s/ Stuart S. Mermelstein<br>    Jeff Herman<br>    Florida Bar No. 521647<br>    jherman@hermnalaw.com<br>    Stuart S. Mermelstein<br>    Florida Bar No. 947245<br>    smermelstein@hermanlaw.com | CONROY SIMBERG<br>Counsel for School Board of Palm Beach County<br>3440 Hollywood Blvd., Second Floor<br>Hollywood, FL 33021<br><br>By: /s/ Dale L. Friedman<br>    Dale L. Friedman<br>    Florida Bar No. 854646<br>    dfriedman@conroysimberg.com |

APPROVED AND SO ORDERED,

*[Signature]*  
Lurana S. Snow, United States Magistrate Judge

Dated: July 19, 2016.