UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-cv-80136-DIMITROULEAS/Snow

JANE DOE NO. 54,

      Plaintiff,

vs.

THE SCHOOL BOARD OF PALM
BEACH COUNTY, FLORIDA,

      Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S
MOTION AND NOTICE OF COMPULSORY PSYCHOLOGICAL
EXAMINATION PURSUANT TO FED. R. CIV. P. 35**

Plaintiff, Jane Doe No. 54, submits this Memorandum in Response to Defendant School Board of Palm Beach County, Florida's Motion and Notice of Compulsory Psychological Examination Pursuant to Fed. R. Civ. P. 35, as follows:

**Introduction**

This is an action for violation of Title IX, 20 U.S.C. §1681, et seq. (Count I of Complaint), and common law negligence (Count II), arising from the sexual assault and battery of Plaintiff when she was 14 years old in a bathroom at Seminole Ridge High School.  Plaintiff objects to the psychological examination proposed by the Defendant in one respect only:  the amount of time sought for the examination.  Defendant seeks two full days for the examination, over an aggregate of 14 hours.[1]  This amount of time is excessive, and would be unduly oppressive and burdensome to the Plaintiff.  Plaintiff otherwise concurs that her psychological condition is at issue and that

---

[1] Defendant further leaves the time to be taken on each of the two days open, proposing that the examination shall last "until testing is completed".

Defendant should be allowed an appropriate and reasonable Rule 35 examination of the Plaintiff's psychological injuries which are alleged to have been caused by the subject incident of sexual assault and battery.

**Argument**

"Psychological examinations are by their nature intrusive and implicate sensitive matters." *Hirschheimer v. Associated Minerals & Minerals Corp.*, 1995 U.S. Dist. LEXIS 18378 *7 (S.D.N.Y. 1995). The proposed psychological examination in this case is especially intrusive and sensitive as it will concern a childhood rape and its effects. Pursuant to Fed. R. Civ. P. 35 and 26(c), it is appropriate for the Court to impose reasonable limits on a psychological examination to relieve a party of "annoyance, embarrassment, oppression, or undue burden or expense". *Id*.

Here, Plaintiff is in an extraordinary fragile state psychologically.[2] Her deposition has already been taken over the course of a full day (222 transcript pages), and was not completed, so Plaintiff remains subject to sitting for additional time in deposition. Defendant, in addition, now seeks a full two days from Plaintiff for purposes of a CME. In *Hirschheimer*, the Court analyzed at length the considerations pertinent to limits on a Rule 35 examination by a psychologist, and found that "the defendants' request for a half-day session of testing and six hours of examination appears excessive." *Id*. at *14-15. Defendant's Motion seeks substantially more time in interview and testing than what was found to be excessive in *Hirschheimer*. The Court noted in this regard that the expert "can use deposition testimony to acquaint himself with [the plaintiff]." *Id*. The same is true for the proposed examination by Defendant's psychologist expert, Dr. Harley V. Stock, Ph.D.

---

[2] Plaintiff's present psychological state is discussed in the expert report of Plaintiff's psychologist, Lori Butts, Ph.D. Upon the Court's request, if it is deemed necessary or appropriate for purposes of the Motion before the Court, Plaintiff will file her report under seal.

CASE NO.: 9:16-cv-80136-WPD

Plaintiff's psychologist expert, Lori Butts, Ph.D., spent one day with the Plaintiff conducting an interview and testing. No more than one day is reasonably required for the appropriate psychological evaluation of Plaintiff, and one day provides a level playing field for Defendant vis-à-vis the evaluation performed by Plaintiff's psychological expert.

WHEREFORE, Plaintiff respectfully requests that the psychological examination of Harley V. Stock, Ph.D., to be performed pursuant to Fed. R. Civ. P. 35, be limited to one day, inclusive of testing and interview, and such other and further relief as is just and proper.

Dated: November 28, 2016.                Respectfully submitted,

                                         HERMAN LAW
                                         3351 NW Boca Raton Boulevard
                                         Boca Raton, FL  33431
                                         Tel:  305-931-2200
                                         Fax:  305-931-0877

                                         By:   /s/ Stuart S. Mermelstein
                                               Jeffrey M. Herman
                                               Florida Bar No. 521647
                                               jherman@hermanlaw.com
                                               Stuart S. Mermelstein
                                               Florida Bar No. 947245
                                               smermelstein@hermanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that a true and correct copy of the foregoing was sent via the ECF system on this 28th day of November, 2016, on all counsel of record on the Service List below.

                                         /s/ Stuart S. Mermelstein

## SERVICE LIST

Dale L. Friedman, Esquire
*Counsel for School Board of Palm Beach County*
Conroy Simberg
3440 Hollywood Blvd., Second Floor
Hollywood, FL 33021
dfriedman@conroysimberg.com