UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80136-CIV-DIMITROULEAS/Snow

JANE DOE NO. 54,

    Plaintiff,

v.

THE SCHOOL BOARD OF PALM BEACH COUNTY,
FLORIDA,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendant's Motion and Notice of Compulsory Psychological Examination Pursuant to Federal Rule of Civil Procedure 35 (ECF No. 22) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration.

This is an action for violation of Title IX and negligence arising from the alleged sexual assault in a bathroom at Seminole Ridge High School of the Plaintiff, a fourteen year old child, by a fellow student. Plaintiff seeks compensatory and special damages as well as, attorney's fees and costs for "severe and permanent psychological and physical injuries, emotional distress, inconvenience, pain and suffering and loss of enjoyment of life, and aggravation of a pre-existing condition." (ECF No. 1, ¶41)

Fed.R.Civ.P. 35 permits the Court to order a party whose mental condition is in controversy to submit to a mental examination by a suitably licensed or certified examiner. The order may only be made upon a showing of good cause and notice to all parties and the person to be examined, and must specify the time, place, manner, conditions and scope of the examination, as well as the person who will perform it, Id. The parties agree that the Plaintiff has put her mental condition at issue and that Defendant should be allowed an appropriate and reasonable Rule 35

examination. They differ only as to the length of the examination which should be permitted. Defendant requests two full days. Plaintiff contends that one full day will be sufficient.

According to Plaintiff's counsel, Plaintiff is in an extraordinarily fragile psychological state, a condition that can be substantiated by the report of her expert, if necessary. The Plaintiff's own expert spent only one day with her to conduct an interview and testing. Additionally, the Plaintiff already has been deposed over the course of a full day, and will be sitting for additional time in deposition. The Plaintiff cites the case of Hirschheimer v. Associated Minerals & Minerals Corporation, 1995 U.S. Dist. Lexis 18378, (S.D. N.Y., Dec. 12, 1995) in support of her assertion that an examination spanning two days under the circumstances is excessive. In Hirschheimer the court noted that a psychological examination is by its very nature intrusive. The court then found that the plaintiff's proposed reduction from six to three hours of examination time was reasonable where the examiner would have the benefit of the plaintiff's prior deposition testimony to acquaint himself with the plaintiff in advance of the examination.

The Court agrees with the Plaintiff, that an examination lasting one full day will be sufficient in this case. Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion and Notice of Compulsory Psychological Examination Pursuant to Federal Rule of Civil Procedure 35 (ECF No. 22) is GRANTED, in part, as follows:

1. The Plaintiff, Jane Doe No. 54, shall submit to a compulsory psychological examination with Harley V. Stock, Ph.D;

2. The examination shall take place on Monday, December 12, 2016 at 10 a.m. to 5 p.m., or until testing is completed;

3. The examination shall occur at U.S. Legal Support-West Palm Beach Courthouse Commons, 444 West Railroad Avenue, Suite 300, West Palm Beach, Florida 33401. The telephone number there is (561)835-0220.

4. The examination shall be conducted in the normal manner all such examinations are done, and shall include, but not be limited to: the taking of a written and/or oral history, testing and examination. All diagnostic testing shall be non-invasive. The scope of the examination shall inquire into all issues raised by the particular problems alleged with the examiner's field of expertise. A detailed written report, setting out the findings, including results of all tests made, diagnosis and conclusions will be prepared by the expert, which will be available to counsel for the examined party if requested under the provisions of Federal Rule of Civil Procedure 35. The requesting party will pay for the examination, subject to being taxed as costs, if applicable.

5. There is good cause for the examination as the requesting party is permitted to inquire into the alleged present condition of the party, to explore the relation between the conditions complained of and the subject incident, and to address the issue of permanency.

6. The examiner shall be referred to as a "defense requested expert."

DONE AND ORDERED at Fort Lauderdale, Florida, this 28th day of November, 2016.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties