UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-cv-80136-DIMITROULEAS/Snow

JANE DOE NO. 54,

    Plaintiff,

s.

THE SCHOOL BOARD OF PALM
BEACH COUNTY, FLORIDA,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL BETTER
RESPONSES TO REQUESTS FOR PRODUCTION AND
BETTER ANSWERS TO INTERROGATORIES, AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff, Jane Doe No. 54, by and through undersigned counsel, files this Motion to Compel Better Responses to Requests for Production and Better Answers to Interrogatories, and Incorporated Memorandum of Law, pursuant to Fed. R. Civ. P. 33, 34 and 37, and S.D. Fla. L.R. 26.1(g)(2), and states as follows:

<u>**Background**</u>

This action concerns the sexual assault of Plaintiff in May, 2012. The assault occurred in a bathroom of Seminole Ridge Community High School ("Seminole Ridge"). At the time, Plaintiff was a 15 year old student in 9th grade and the assailant was a senior, 18 years old. Prior to the assault, there were multiple incidents in the 2011-12 school year involving sexual activity in the bathrooms of Seminole Ridge, including one incident involving the perpetrator who sexually assaulted Plaintiff.

CASE NO.:  9:16-cv-80136-WPD

### A.  Second Request for Production Nos. 1 and 2

1. All documents referring, relating, obtained or created in the course of the following police reports or investigations: Palm Beach County School Police Incident Report Nos.: 12011327, 11018568, 12001237, 11017675, and 11018923.  Include, without limitation, all interview summaries, notes, sworn statements, signed statements and physical evidence received.

RESPONSE: Objection to production of any documents or information pertaining to any students. The information regarding the students is confidential student-related information protected by 20 U.S.C. section 1232g and Fla. Stat. section 1002.21 (1) and 1002.22(3)(d) regarding confidential student records and students/parents' rights to privacy of such information. *See also Florida State University v. Hatton*, 672 So.2d 576, 580 (Fla. 1st DCA 1996) (holding that the right of privacy contained within Fla. Stat. section 228.093- repealed and now codified as Fla. Stat. section 1002.22, is protected in records or reports which permit personal identification of a pupil or student (even if the records were to be redacted so as to obscure identifying information), as well as other students who may be accomplices, witnesses and/or victims to a particular event or events). *Hatton* also held that a party seeking confidential student information must show, in a balancing test, that she has a legitimate need that outweighs the students' express, substantial statutory privacy rights in the confidentiality of student information. Additionally, the Plaintiff has not shown a legitimate need to access information involving third party students, nor has there been a showing of an extraordinary necessity or an exceptional circumstances in which is the standard for discovery of confidential documents in civil cases. *See State Department of Highway Safety and Motor Vehicles v. Krejci Company, Inc.*, 570 So.2d 1322, 1324-25 (Fla. 2d DCA 1990) and *Henderson v. Perez*, 835 So.2d 390 (Fla. 2d DCA 2003). Even if the Court were to allow discovery of such confidential records, it must take all precautions to ensure the confidentiality of the records. *State, Department of Highway Safety and Motor Vehicles v. Krejci Co. Inc.*, 570 So. 2d 1322, 1325 (Fla. 2d DCA 1990). Similarly, State Board of Education Rule 6A-1.0955(2)(g)2 provides:

> Personally identifiable information shall be disclosed only on the condition that the party to whom the information is disclosed shall not disclose the information to any other party without prior written consent of the adult student or the parent or guardian of the pupil, as appropriate. Personally identifiable information which is disclosed to an institution, agency, or organization may be used by its officers,

> employees and agents, but only for the purpose for which the disclosure was made.

Thus, even if the Court were to allow discovery, there must be safeguards against further disclosure, such as: clearing the courtroom if documents are allowed to be submitted at trial; instructing jurors not to redisclose information; and sealing such court records from public view. Moreover, even with a court order, the records could not be released to the Plaintiff until the parents of all such students are notified of the order and given a reasonable opportunity to object or seek protective action from the court. See Fla. Stat. ' 1 002.22(3)(d)11 and 34 C.F.R. '99.31 (a)(9)(ii).

The redacted copies of the documents requested were previously provided to the Plaintiff by the Palm Beach County School Police pursuant to a Public Records Request that was submitted by Plaintiff's counsel on October 9, 2014. Attached is a copy of the redacted documents previously provided to Plaintiff's counsel. [See attached Bates stamp 000001 - 000050]

2.   All documents relating to incidents of actual or suspected sexual activity or sexual harassment reported or observed in any bathroom at Seminole Ridge Community High School and reported to or investigated by the Palm Beach County School Police Department or school administration, in the period January 1, 2006 to May 11, 2012, including without limitation, all interview summaries, notes, sworn statements, signed statements and physical evidence obtained.

RESPONSE: Objection as the request is overbroad and burdensome. Pursuant to the Public Records Request submitted by Plaintiff's counsel on October 9, 2014 it took the Palm Beach County School Police two hours of research to obtain the incidents that occurred in the 2011/2012 school year. Objection to production of any documents or information pertaining to any students. The information regarding the students is confidential student-related information protected by 20 U.S.C. section 1232g and Fla. Stat. section 1002.21 (1) and 1 002.22(3)(d) regarding confidential student records and students/parents' rights to privacy of such information. *See also Florida State University v. Hatton*, 672 So.2d 576, 580 (Fla. 1st DCA 1996) (holding that the right of privacy contained within Fla. Stat. section 228.093 - repealed and now codified as Fla. Stat. section 1002.22, is protected in records or reports which permit personal identification of a pupil or student (even if the records were to be redacted so as to obscure identifying information), as well as other students who may be accomplices,

witnesses and/or victims to a particular event or events). *Hatton* also held that a party seeking confidential student information must show, in a balancing test, that she has a legitimate need that outweighs the students' express, substantial statutory privacy rights in the confidentiality of student information. Additionally, the Plaintiff has not shown a legitimate need to access information involving third party students, nor has there been a showing of an extraordinary necessity or an exceptional circumstances in which is the standard for discovery of confidential documents in civil cases. *See State Department of Highway Safety and Motor Vehicles v. Krejci Company, Inc.*, 570 So.2d 1322, 1324-25 (Fla. 2d DCA 1990) and *Henderson v. Perez*, 835 So.2d 390 (Fla. 2d DCA 2003). Even if the Court were to allow discovery of such confidential records, it must take all precautions to ensure the confidentiality of the records. *State, Department of Highway Safety and Motor Vehicles v. Krejci Co. Inc.*, 570 So. 2d 1322, 1325 (Fla. 2d DCA 1990). Similarly, State Board of Education Rule 6A-1.0955(2)(g)2 provides:

> Personally identifiable information shall be disclosed only on the condition that the party to whom the information is disclosed shall not disclose the information to any other party without prior written consent of the adult student or the parent or guardian of the pupil, as appropriate. Personally identifiable information which is disclosed to an institution, agency, or organization may be used by its officers, employees and agents, but only for the purpose for which the disclosure was made.

Thus, even if the Court were to allow discovery, there must be safeguards against further disclosure, such as: clearing the courtroom if documents. Are allowed to be submitted at trial; instructing jurors not to redisclose information; and sealing such court records from public view. Moreover, even with a court order, the records could not be released to the Plaintiff until the parents of all such students are notified of the order and given a reasonable opportunity to object or seek protective action from the court. See Fla. Stat. '1002.22(3)(d)11 and 34 C.F.R. '99.31 (a)(9)(ii). See response to number two.

***Grounds to Overrule Objections and Compel Better Responses:*** In the above Document Requests nos. 1 and 2, Plaintiff seeks *unredacted* versions of Palm Beach County School police reports relevant to this matter, and all related materials concerning the identified school police investigations, including witness statements and other evidence obtained. Defendant's objections

4

are based essentially on the confidentiality of student records under FERPA, 20 U.S.C. §1232g, and equivalent state law. As stated in Defendant's response Document Request no. 1 quoted above, Defendant presuit produced, pursuant to public records request, redacted and incomplete records of the Palm Beach School Police.

The Court has already addressed and resolved the issues raised in Defendant's objections by means of the Joint Confidentiality Agreement and Protective Order entered by the Court on July 20, 2016 (DE 17). That Order was entered pursuant to Order of July 19, 2016 (DE 16) granting Plaintiff's Agreed Motion for Entry of Order for Protection of Education Records Subject to FERPA, 20 U.S.C. §1232g (DE 14).[1] The Joint Confidentiality Agreement and Protective Order was specifically intended to address Defendant's FERPA objections made in response to document requests in this case. There is, as a result, no basis presently to object to production of unredacted police records on the basis of FERPA. The redactions principally involve the names of student witnesses identified in each of the relevant police incidents. The events occurred in the 2011-12 school year at Seminole Ridge High School. Those witnesses are now adults. Their identities are relevant in this action or may lead to discovery of relevant evidence. Plaintiff therefore respectfully requests that the Defendant's objections be overruled and that responsive documents be ordered produced subject to the Protective Order previously entered in the case.

### B. Second Set of Interrogatories nos. 1 and 4

> 1. Explain in detail the reason(s) why Seminole Ridge originally placed a table and chair in the hallway area near the bathrooms of Seminole Ridge in the period 2005-06 or 2006-07, for the purpose of monitoring the students in the hallways/bathroom area, and identify any reported incidents prompting the decision to undertake such monitoring, including without limitation, any Palm

---

[1] Plaintiff's Motion (DE 14) incorporates a memorandum of law citing cases supporting the production of education records, subject to protective order.

Beach School Police Department Incident reports (with Incident numbers) relating to said incidents. [footnote omitted]

ANSWER: In response to this interrogatory, see:

a. Deposition testimony of James Campbell taken on November 14, 2016including and not limited to the following: Page 37 Lines 3-25; Pages 38 Lines 1-25; Page 39 Lines 1-12; and

b. Deposition testimony of David Torres taken October 28, 2016 including and not limited to the following: Page 93 Lines 18-25; Page 94 Lines 1-25 and Page 95 Line 1; Page 100 lines 1-25; 101 Lines 1-25.

4. Identify all corrective measures undertaken by Defendant to prevent sexual misconduct by Xavier Ross on school premises after the incident of on or about December 13, 2011 discussed in Palm Beach County School Police Report no. 11018568.

ANSWER: In response to this interrogatory, see:

a. Deposition testimony of David Torres taken October 28, 2016 including and not limited to the following: Page 118 Lines 14-25; Page 124 Lines 6-15; Page 130 Lines 23-25; Page 131 Lines 4-22; Page 138 Lines 12-13; Page 139 Lines 1-25; Page 140 Lines 1-25; Page 141 lines 1-23; Page 142 lines 8-25; Page 143 lines 1-25; Page 144 lines 18-25; Page 145 Lines 1, 8-25; Page 146 Lines 1-25; Page 147 Lines 1-25; Page 148 Lines 1-9; Page 152 Lines 15-25; Page 220 Lines 10-17; and

b. Deposition testimony of James Campbell taken on November 14, 2016 including and not limited to the following: Page 93 Lines 18-25; Page 94 Lines 12-25; Page 95 Lines 1-15.

*Grounds to Compel Better Responses*: Interrogatories 1 and 4 require a substantive, narrative response. Defendant fails to provide such a response. Rule 33(b)(3), Fed. R. Civ. P., requires that interrogatories be answered "fully". Instead, Defendant references pages and lines from the deposition transcripts of the School Principal, James Campbell, and one of its Assistant Principals, David Torres. Answers in this form are inadequate and unauthorized by the federal rules. While the federal rules authorize an answer to interrogatories by reference to specific

*business records*, there is no basis for a reference to *witness deposition testimony*. See Fed. R. Civ. P. 33(d); *Pruco Life Ins. Co. v. Brasner*, 2011 U.S. Dist. LEXIS 157026 *11 (S.D. Fla. 2011) (Seltzer, Mag. J.) (granting motion to compel and noting that "it is technically improper and unresponsive for an answer to an interrogatory to refer to outside materials such as … depositions …"); *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436, 440 (D. Kan. 1987) (granting motion to compel answers to interrogatories on basis that "[i]ncorporation by reference to a deposition is not a responsive answer"). Moreover, the referenced testimony is generally nonresponsive vis-à-vis Interrogatories 1 and 4, or the witnesses essentially represent that they do not know or are uncertain of the answers to questions. (See transcript pages attached hereto as Exhibit "A"). Defendant's reference to deposition testimony in its interrogatory responses are therefore unhelpful and evasive. Plaintiff is entitled to a better response to these interrogatories.

### C. Second Set of Interrogatories no. 3

> 3. Identify all meetings, assemblies and classes in which sexual harassment policies and procedures were presented, discussed or addressed with students in the 2011-12 school year (including sexual harassment reporting and discipline), which you believe that Plaintiff would have attended, and for each identify the content of such program, lecture or session.
>
> ANSWER: Defendant is researching the response to this interrogatory and will supplement it upon receipt.

***Grounds to Compel Better Response:*** Defendant does not object to this interrogatory, but instead indicates that a later response will be forthcoming. Plaintiff has conferred with Defendant and provided additional time to respond (until January 20, 2017), but Defendant has not provided an answer. Accordingly, Plaintiff requests an Order compelling an answer to this interrogatory.

7

### D. First Request For Production No. 10

10. All diagrams, maps or floor plans of Seminole Ridge.

RESPONSE: Objection. This information is confidential and exempt from public disclosure, pursuant to Florida Statutes §§ 281.301 and 119.071.

***Grounds to Overrule Objection and Compel Better Response:*** Defendant's objection is based on Chapter 119 of the Florida Statutes, which does not provide a valid basis to object to the production of documents *pursuant to discovery*, Fed. R. Civ. P. 26 - 37. In a civil case in federal court, the rules of discovery take precedence over Chapter 119. *See Dep't of Professional Regulation v. Spiva*, 478 So. 2d 382 (Fla. 2st DCA 1985) ("we conclude that a document's exemption from disclosure under the Public Records Act does not render it automatically privileged for the purposes of discovery pursuant to the Florida Rules of Civil Procedure. . ."); *see also Reiser v. Wachovia Corp.*, 2007 U.S. Dist. LEXIS 42504 (M.D. Fla. 2007) (denying objection based on Public Records Act and granting motion to compel, holding that "the public right to access laws are inapplicable [to discovery] and *Reiser* may discover the materials so long as the Rule 45 subpoena is proper"); *State of Florida, Dep't of Highway Safety & Motor Vehicles v. Kropoff*, 445 So. 2d 1068 n. 1 (Fla. 3d DCA 1984) ("we do not equate the acquisition of public documents under Chapter 119 with the rights of discovery afforded a litigant by judicially-created rules of procedure") (*quoting Wait v. Florida Power & Light Co.*, 372 So. 2d 420, 425 (Fla. 1979)); *B.B. v. Dep't of Children & Family Services*, 731 So. 2d 30, 34 (Fla. 4th DCA 1999), (granting motion to compel discovery of documents under active criminal investigation and overruling objection that records were exempt under Public Records Act). The document requests are relevant in this action, as they seek discoverable evidence in the form of maps or diagrams which will show where on the school's campus sexual incidents in bathrooms occurred, including the incident in which Plaintiff was victimized.

CASE NO.:  9:16-cv-80136-WPD

**Conclusion**

Based on the foregoing, Plaintiff respectfully requests an Order:  (i)  overruling Defendant's objections and requiring Defendant to produce documents fully responsive to Plaintiff's Second Request for Production nos. 1 and 2, in unredacted form, subject to Confidentiality Protective Order dated July 20, 2016 (DE 17); (ii)  compelling that Plaintiff's Second Set of Interrogatories nos. 1 and 4 be answered fully; (iii) compelling that Plaintiff's Second Set of Interrogatories no. 3 be answered fully; (iv) overruling Defendant's objections and compelling that responsive document(s) be produced in response to  Plaintiff's First Request for Production no.  10; and (v) such other and further relief as this Court deems just and proper.

**Certificate of Conferral Pursuant to L.R. 7.1(a)(3)(A)**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: January 24, 2017.           Respectfully submitted,

                                                 HERMAN LAW
                                                 3351 NW Boca Raton Boulevard
                                                 Boca Raton, FL  33431
                                                 Tel:  305-931-2200
                                                 Fax:  305-931-0877

                                        By:     /s/ Stuart S. Mermelstein
                                                 Jeffrey M. Herman
                                                 Florida Bar No. 521647
                                                 jherman@hermanlaw.com
                                                 Stuart S. Mermelstein
                                                 Florida Bar No. 947245
                                                 smermelstein@hermanlaw.com

CASE NO.: 9:16-cv-80136-WPD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that a true and correct copy of the foregoing was sent via the CM/ECF system on this 24th day of January, 2017, on all counsel of record on the Service List below.

/s/ Stuart S. Mermelstein

## SERVICE LIST

Dale L. Friedman, Esquire
*Counsel for School Board of Palm Beach County*
Conroy Simberg
3440 Hollywood Blvd., Second Floor
Hollywood, FL 33021
dfriedman@conroysimberg.com